IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01685-RM

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS, and
CHARLES BRADLEY WALKER,

    Plaintiffs,

v.

THE TOWN OF SUPERIOR, a Colorado municipality, and
JOE PELLE, in his capacity as Sheriff of Boulder County, Colorado,

    Defendants.

_____

**TOWN DEFENDANT'S MOTION TO VACATE AND RESET
PRELIMINARY INJUNCTION HEARING AND FOR
EXTENSION OF TIME TO FILE RESPONSE TO COMPLAINT**
_____

Defendant THE TOWN OF SUPERIOR (sometimes referred to as "Town Defendant" or "the Town") hereby submits this motion to vacate and reset the preliminary injunction hearing currently set for August 4, 2022, at 9 a.m. and for an extension of time to file a response to the Complaint.

**CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel conferred with counsel for Plaintiffs and is authorized to state that Plaintiffs do not oppose extending the Temporary Restraining Order and vacating and resetting the preliminary injunction hearing but do oppose the briefing and hearing schedule proposed in this motion.

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel conferred with counsel for Defendant Pelle and is authorized to represent that Defendant Pelle does not oppose this motion.

Pursuant to D.C.COLO.LCivR 6.1(c), undersigned counsel is providing this motion to his client as reflected in the below certificate of service.

## MOTION

**BACKGROUND**

1.  Plaintiffs initiated this lawsuit by the filing of their Complaint on July 7, 2022 (ECF No. 1).  Service on Town Defendant[1] was made on July 8, 2022 (ECF No. 7).  Town Defendant's response to the Complaint is currently due on or before July 29, 2022.

2.  Plaintiffs filed a Motion for Temporary Restraining Order and for Preliminary Injunction on July 13, 2022 (ECF No. 11).  On July 22, 2022, the Court entered a Temporary Restraining Order ("TRO") (ECF No. 18), though it noted that "the nature of this TRO has required it to issue an Order without hearing from Defendants" and that Defendants may be aware of "historical precedent" that may be relevant to the consideration of the issue (*Id.* at p. 10).  The Court also set a status conference and a preliminary injunction hearing (*Id.* at pp. 18-19).

---

[1] The Town of Superior is located in Boulder County, Colorado. It was founded in 1896 and incorporated in 1904. The Town reportedly was named after the "superior" quality of coal found in the area – the mining of which was a major force in the Town until the mine closed in 1945. Until recently the Town's population hovered around 250. Residential development has increased the Town's population to approximately 12,500.

3. While it is unfortunate that the Court was constrained in considering Plaintiffs' motion for a TRO without the benefit of the historical precedent and other information that the Town expects to bring to bear in this dispute, the Town looks forward to a robust submission and evidentiary showing in connection with the forthcoming preliminary injunction hearing and thereafter in support of a final adjudication on the merits. As the Court anticipated in its TRO ruling, the Town does intend to vigorously contest the arguments of Plaintiffs, to marshal evidence and testimony, likely including expert submissions, in opposition to the preliminary injunction motion, and to provide to the Court a different historical and legal perspective than that reflected by Plaintiffs in their motion for TRO.

**REQUEST TO VACATE AND RESET PRELIMINARY INJUNCTION HEARING**

4. Town Defendant requests that the Court vacate the preliminary injunction hearing currently set for August 4, 2022, and reset the hearing as set forth in paragraph 9 below.

5. The Court may extend Defendants' time to respond to Plaintiffs' motion for preliminary injunction for good cause. Fed. R. Civ. P. 6(b)(1)(A).[2]

---

[2] "Rule 6(b)(1)(A) gives the court wide discretion to grant a request for additional time that is made prior to the expiration of the period originally prescribed." 4B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. and Proc. Civil* § 1165 (4th ed. 2022); *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016) (quoting Wright & Miller and holding that "[a] leading treatise similarly suggests that district courts should normally grant extension requests, made before the deadline, in the absence of bad faith by the requesting party or prejudice to another party").

6.      Good cause exists to vacate and reset the preliminary injunction hearing. First, Town Defendant is only now completing retention of counsel with specialized Second Amendment practice.[3] Second, and most important, just weeks ago in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (June 23, 2022), the Supreme Court announced a wholly new test for consideration of Second Amendment claims.[4] Under *Bruen*, as an initial matter, the Second Amendment applies to an individual's conduct only if the Amendment's plain text covers the conduct.  Even then, a law or regulation that applies to conduct covered by the plain text of the Second Amendment must nonetheless be upheld if the law or regulation is "consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2126.  In making that assessment, under *Bruen*, the reviewing court should consider, among other things, whether the "modern and historical regulations" identified "impose a *comparable burden* on the right of armed self-defense and whether that burden is *comparably justified*." *Id.* at 2133 (emphasis added). As the Supreme Court stressed in *Bruen,* a court's analysis should be "more

---

[3]      On July 20, 2022, undersigned counsel Gordon L. Vaughan entered his appearance on behalf of Town Defendant (ECF No. 17).  In addition, on July 25, 2022, Town Defendant approved retention of Carey R. Dunne, Esq.; the law firm of Davis Polk & Wardwell LLP and its litigation partner Antonio J. Perez-Marques; and William J. Taylor Jr., Deputy Director of Second Amendment Litigation at Everytown Law to provide legal services to Town Defendant in this matter. Such counsel have or will soon be entering their appearances on behalf of Town Defendant.

[4]      The Town passed Ordinance No. 0-9 regarding the possession and use of weapons in the Town on June 7, 2022 – 16 days before the Supreme Court announced *Bruen*.

nuanced" in "cases implicating unprecedented societal concerns or dramatic technological changes." *Id.* at 2132.

7. The postponement of the preliminary injunction hearing will allow Town Defendant to fully respond to Plaintiffs' motion and prepare for a preliminary injunction hearing, including the possibility of retaining one or more consulting or testifying experts to marshal the known historical evidence. And Town Defendant should not be forced to defend constitutional challenges to important public safety regulations in a matter of mere days or weeks. Instead, this case will require significant time to prepare, not only for preliminary injunction purposes, but for discovery and ultimate dispositive motion practice and trial on the merits, given the importance of the constitutional and public safety issues involved that must be assessed in a novel legal framework.

8. Plaintiffs would not be substantially prejudiced by the vacation and resetting of the preliminary injunction hearing, as Town Defendant agrees to an extension of the TRO until the Court rules on the motion for preliminary injunction.

9. Town Defendant proposes the following schedule:

· **10-31-22**: Town Defendant's response in opposition to motion for preliminary injunction due.

· **11-30-22**: Plaintiffs' reply in support of motion for preliminary injunction due.

Town Defendant further proposes that the preliminary injunction hearing take place no sooner than 15 days thereafter.

**REQUEST FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

10. Additionally, Town Defendant requests 14 days from an order on the motion for preliminary injunction to file an answer or other response to the Complaint.

WHEREFORE, Town Defendant requests an order from the Court vacating and resetting the preliminary injunction hearing based on the proposed briefing schedule set forth above and granting Town Defendant an extension of time to file an answer or other response to the Complaint on or before 14 days following a ruling on the motion for preliminary injunction.

Respectfully submitted,

Date:  07-26-22

s/ Gordon L. Vaughan
Gordon L. Vaughan
VAUGHAN & DeMURO
111 South Tejon, Suite 545
Colorado Springs, CO 80903
(719) 578-5500 (phone)
(719) 578-5504 (fax)
gvaughan@vaughandemuro.com
ATTORNEY FOR TOWN DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Barry K. Arrington**
barry@arringtonpc.com

**Shaun Pearman**
shaun@pearmanlawfirm.com

**Eric P. Apjoke**
eric@pearmanlawfirm.com

**Colin J. Mayberry**
cmayberry@bouldercounty.org

**David E. Hughes**
dhughes@bouldercounty.org

and I hereby certify that the foregoing was served via e-mail on the following:

Town Board
Town of Superior
[via private e-mail address]

s/ Gordon L. Vaughan
Gordon L. Vaughan
