IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-1685-RM-NRN

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS, and
CHARLES BRADLEY WALKER

 Plaintiffs,

v.

THE TOWN OF SUPERIOR, a Colorado municipality,

 Defendant.

---

Civil Action No. 22-cv-2111

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
BRYAN LAFONTE,
CRAIG WRIGHT, and
GORDON MADONNA

 Plaintiffs,

v.

CITY OF LOUISVILLE, COLORADO

 Defendant.

---

Civil Action No. 22-cv-2112

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS, and
JAMES MICHAEL JONES,

> Plaintiffs,

v.

CITY OF BOULDER, COLORADO

> Defendant.

___

Civil Action No. 22-cv-2113

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS, and
MARTIN CARTER KEHOE,

> Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY,

> Defendant.

___

## UNOPPOSED MOTION FOR CONSOLIDATION PURSUANT TO RULE 42(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE

___

Pursuant to D.C.COLO.LCivR 7.1, undersigned counsel for the Town of Superior conferred with counsel for Plaintiffs in the four cases listed in the caption and below, as well as with counsel for the Defendants in each case. All Defendants in these cases support the motion, and counsel for Plaintiffs does not oppose the relief requested by this motion.

## **INTRODUCTION**

The Town of Superior respectfully moves to consolidate the following actions (collectively, the "Related Cases") for all purposes, pursuant to Fed. R. Civ. P. 42(a) and District of Colorado Local Rules 42.1:

1. *Rocky Mountain Gun Owners, et. al. v. The Town of Superior*, Civil Action No. 22-cv-1685-RM-NRN (the "Superior Case");

2. *Rocky Mountain Gun Owners, et. al. v. City of Louisville,* Civil Action No. 22-cv-2111 (the "Louisville Case");

3. *Rocky Mountain Gun Owners, et. al. v. City of Boulder,* Civil Action No. 22-cv-2112 (the "City of Boulder Case"); and

4. *Rocky Mountain Gun Owners, et. al. v. Board of County Commissioners of Boulder County*, Civil Action No. 22-cv-2113 (the "Boulder County Case").

The Town of Superior further requests, following consolidation, a modified preliminary injunction briefing schedule to promote judicial economy and to facilitate an efficient and orderly process for litigation of the consolidated action.

In the Related Cases, the Rocky Mountain Gun Owners and National Association for Gun Rights, along with individual plaintiffs, (collectively, "Plaintiffs") filed four substantially identical complaints challenging the constitutionality of four substantively near-identical local ordinances that limit the possession, sale, or transfer of assault weapons, *i.e.*, certain semiautomatic firearms equipped with specific, particularly dangerous features, and large-capacity ammunition magazines ("LCMs"). Plaintiffs themselves have emphasized the similarities between these statutes in their filings in each

of the latter-filed cases. (*See* ECF No. 1 in 22–CV–2111, para. 23; ECF No. 1 in 22–CV–2112, para. 23; ECF No. 2 in 22–CV–2113, para. 24.)

Consolidation is appropriate because all four cases involve the same organizational plaintiffs, concern substantially the same questions of fact and law, and because the considerable efficiencies offered by consolidation – for the Court and the parties alike – far outweigh the minimal delay in the Town of Superior action, in which a Temporary Restraining Order is in place, eliminating the risk of prejudice to Plaintiff.

## BACKGROUND AND PROCEDURAL HISTORY

The Town of Superior, the City of Louisville, the City of Boulder, and the Board of County Commissioners of Boulder County (collectively, "Related Defendants"), are all political subdivisions of the State of Colorado. Each Related Defendant passed separate but substantially similar ordinances regulating certain weapons and accessories, all of which became effective between July 7, 2022 and August 2, 2022. SUPERIOR, COLO., CODE ch. 10, art. IX (as adopted Jun. 7, 2022 in Ord. No. O-9, § 1) (in relevant part prohibiting the possession, sale, or transfer of LCMs and assault weapons, subject to certain exceptions, and defining assault weapons as firearms with certain enumerated features); LOUISVILLE, COLO., CODE title 9, ch. VIII (as adopted Jun. 7, 2022 in Ord. No. 1831-2022) (in relevant part prohibiting the possession, sale, or transfer of LCMs and assault weapons, subject to the same exceptions as in Superior, and defining assault weapons essentially the same way as in Superior); BOULDER, COLO., REV. CODE title 5, ch. 8 (as adopted Jun. 7, 2022 in Ord. Nos. 8494, 8525-29) (in relevant part prohibiting the possession, sale, or transfer of LCMs and assault weapons, subject to the same exceptions as in Superior and Louisville, and defining assault weapons the same way as

4

in Louisville); and BOULDER COUNTY, COLO., ORDINANCES, Ord. No. 2022-5 (as adopted Aug. 2, 2022) (in relevant part prohibiting the sale or purchase of LCMs and assault weapons, subject to certain exceptions, and defining assault weapons the same way as in Superior);

Plaintiffs brought suit challenging the Town of Superior's ordinance on July 7, 2022.  Plaintiffs filed a motion for a Temporary Restraining Order and for Preliminary Injunction on July 13, 2022.  (ECF No. 11 in 22–CV–1685).  This Court issued an ex parte TRO on July 22, 2022, which enjoined the Town of Superior from enforcing two provisions sections of its ordinance: including restrictions on the "possession and sale of illegal weapons" and "assault weapons."  (ECF No. 18 in 22–CV–1685).[1]

On August 18, 2022, Plaintiffs filed suits challenging the above-referenced ordinances in Louisville, the City of Boulder, and Boulder County, respectively.  As of August 25, 2022, Plaintiffs have now moved for TROs and PIs in all the Related Cases. (ECF No. 9 in 22–CV–2111; ECF No. 13 in 22–CV–2112; ECF No. 14 in 22–CV–2113).

## LEGAL STANDARDS

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact.  In such cases, "the court may consolidate actions or issue any other orders to avoid unnecessary cost or delay."  *Gilles v. Ocwen Loan Servicing LLC*, 2021 WL 3773644 at *1 (D. Colo. Aug. 25, 2021) (Moore, J.).  "The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be tried so that the

---

[1] This Court issued a modified Temporary Restraining Order on August 9, 2022, lifting the restrictions on enforcing the ordinance as to certain groups of weapons not at issue in these cases. (ECF No. 37 in 22–CV–1685).

business of the court may be dispatched with expedition and economy while providing justice to the parties." *Leprino Foods Co. v. DCI, Inc.*, 2015 WL 134235, at *2 (D. Colo. Jan. 9, 2015) (Moore, J.) (quotations omitted).

In ruling on a motion to consolidate, a court "generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Id.* (quotation omitted). Rule 42(a) was "designed and intended to encourage such consolidation where possible." *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945), *aff'd* 328 U.S. 654 (1946).

## ARGUMENT

### I. THE RELATED CASES RAISE NEARLY IDENTICAL QUESTIONS OF FACT AND LAW

The four ordinances being challenged in the Related Cases present nearly identical questions of law and fact. The ordinances – which were enacted within one month of each other – all involve restrictions on the possession, sale, or transfer of certain semiautomatic firearms equipped with specific, particularly dangerous features (defined as "assault weapons" in the ordinances) and LCMs. The definitions of the weapons, features, and magazines at issue in all of the challenged ordinances match each other in all material respects.

The same two organizational Plaintiffs filed substantially identical complaints against all of the challenged ordinances, with the complaint in the above-captioned case against the Town of Superior filed first. Indeed, in the complaints against the other Defendants, Plaintiffs themselves emphasized that the ordinances are "substantially identical to the ordinance provisions challenged" in Louisville and the City of Boulder and "similar to the ordinance provisions challenged" in Boulder County (ECF No. 1 in

6

22–CV–2111, para. 23; ECF No. 1 in 22–CV–2112, para. 23; ECF No. 2 in 22–CV–2113, para. 24.).[2]

Using virtually the same language, the complaints make indistinguishable arguments to challenge the constitutionality of the ordinances, alleging that "plaintiffs are or will be injured by Defendant's enforcement of the [ordinance] sections identified above insofar as those provisions violate Plaintiffs' rights under the Second Amendment." (ECF No. 20 in 22–CV–1685, para. 24.; ECF No. 1 in 22–CV–2111, para. 25; ECF No. 1 in 22–CV–2112, para. 25; ECF No. 2 in 22–CV–2113, para. 26.) Further reflecting the nearly identical nature of the Related Cases, the three later-filed complaints all cite the Court's TRO in the Superior Case to justify the relief sought in the other matters.

Since filing the Related Cases, Plaintiffs have taken the same procedural actions in all four matters, having now requested a TRO and PI in each of the later-filed actions, just as they did in the Superior Case.

## II.  CONSOLIDATION WOULD PROMOTE JUDICIAL ECONOMY AND AVOID THE RISK OF INCONSISTENT JUDGMENTS

The interests of judicial efficiency strongly favor consolidation. Consolidating the four actions will conserve judicial resources by addressing substantially identical issues in a consolidated action rather than separately in four different cases that would consume the time and attention of four different Judges of this Court. The Related Cases will each involve substantially the same factual records, expert witnesses, and legal arguments.

---

[2] The main difference between the Boulder County ordinance and the other three ordinances is that the former lacks a possession provision that is present in the latter ordinances.

7

Further, counsel for Louisville, the City of Boulder, and Boulder County have represented that, in the event that consolidation is granted, they will agree to stay enforcement of their respective assault weapon and LCM bans pending resolution of the preliminary injunction motions, thereby negating both the need for any additional briefing on the TRO motions and for any additional judicial resources to be spent on that issue. We also anticipate that all of the Related Defendants will be jointly defended if the cases are consolidated. It would be inefficient and a waste of the resources of the Court and the Parties in all four cases to proceed on separate litigation tracks rather than consolidating these matters.

Moreover, consolidation would avoid the inherent risk of inconsistent judgments that would be raised by the separate treatment of four nearly identical cases in the same federal district court.

### III. CONSOLIDATION WILL NOT MATERIALLY DELAY ANY CASE OR INCONVENIENCE ANY PARTY

Consolidation will not result in any meaningful delay or inconvenience to any party. These cases are all in their very early stages. Plaintiffs have just very recently filed TRO and preliminary injunction motions in the Louisville, City of Boulder, and Boulder County actions and those motions are not yet fully briefed or ripe for resolution.

The schedule in the first above-captioned case contemplates that the Town of Superior will submit an opposition to Plaintiffs' preliminary injunction motion on September 30, 2022. If the cases are consolidated, the Town of Superior seeks, and Plaintiffs have agreed to, a modest 45 day modification of that schedule so that the Related Defendants may submit an omnibus opposition to Plaintiffs' request for a preliminary injunction that would apply to all of the Related Cases—as set forth below.

Among other things, the extension would afford counsel additional time needed in order to coordinate with three additional local-government clients with distinct approval processes. The Town of Superior has already consented to the extension of the TRO, so Plaintiffs will not be prejudiced by a short extension of the current briefing schedule. Any inconvenience that would arise from consolidation is immaterial and would be greatly outweighed by the resulting efficiencies to the Parties and to the Court.

## CONCLUSION

Therefore, the Town of Superior respectfully requests, pursuant to Fed. R. Civ. P. 42(a)(2) and Local Rules 42.1, that the Court consolidate the four related actions for all purposes.

The Town of Superior further requests that the Court grant a modified briefing schedule for the preliminary injunction motions as follows: Related Defendants' joint response to Plaintiffs' Motions for Preliminary Injunction would be due by November 15, 2022. Plaintiffs' reply (50 pages) will be due by December 16, 2022. Defendants' sur-reply (20 pages) will be due by January 5, 2023. Preliminary Injunction Hearing to be set at the Court's convenience in January, 2023. We propose to discuss with the Court at the close of briefing the timing, duration, and substance of the hearing.

Dated: August 30, 2022

                                                                                        s/ Antonio J. Perez-Marques

                                                                                        Antonio J. Perez-Marques
                                                                                        David Toscano
                                                                                        Christopher Lynch
                                                                                        **DAVIS POLK & WARDWELL LLP**
                                                                                        450 Lexington Avenue
                                                                                        New York, NY 10017

(212) 450-4000 (phone)
antonio.perez@davispolk.com
david.toscano@davispolk.com
christopher.lynch@davispolk.com

Gordon L. Vaughan
**VAUGHAN & DeMURO**
111 South Tejon, Suite 545
Colorado Springs, CO 80903
(719) 578-5500 (phone)
(719) 578-5504 (fax)
gvaughan@vaughandemuro.com

Carey R. Dunne
**The Law Office of Carey R. Dunne, PLLC**
114 East 95th Street
New York, NY 10128
(917) 499-2279 (phone)
careydunne1@gmail.com

William J. Taylor, Jr.
**EVERYTOWN LAW**
450 Lexington Avenue, #4184
New York, NY 10017
(646) 324-8215 (phone)
wtaylor@everytown.org

*Attorneys for Defendant The Town of Superior*